UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lisa P. Purkins,

       Plaintiff,

   v.

Advanced Infusion, Inc.,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-713 ADM/JJG

---

Heather A. Brann, Esq., Leslie W. O'Leary, Esq., Michael L. Williams, Esq., and Thomas B. Powers, Esq., Williams Love O'Leary and Powers, P.C., Portland, OR; Laura B. Kalur, Esq., Kalur Law Office, Portland, OR; Ted Meadows, Esq., E. Frank Woodson, Esq., and Matthew E. Munson, Esq., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL; and Yvonne M. Flaherty, Esq., and Nathan D. Prosser, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Michael R. Moline, Esq., Jerry W. Blackwell, Esq., and Karen M. Bohaty, Esq., Blackwell Burke PA, Minneapolis, MN; and Frederick H. Fern, Esq., Harris Beach, PLLC, New York, NY, on behalf of Defendant Advanced Infusion, Inc.

---

## I. INTRODUCTION

     This matter is before the undersigned United States District Court Judge for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). By Order [Docket No. 13] dated August 27, 2010, the Court directed the parties to file briefs addressing (1) whether this action should be transferred to another district pursuant to § 1404(a), and (2) to which district this action should be transferred, assuming that transfer is appropriate. Both parties have now responded. For the reasons set forth below, the case will be transferred to the United States District Court for the District of Arizona.

## II.  BACKGROUND

On May 1, 2006, Plaintiff Lisa P. Purkins ("Purkins"), underwent shoulder surgery in Pasadena, Maryland.  Compl. [Docket No. 1] ¶ 4.  During the surgery, doctors implanted a "pain pump" into her shoulder.  Compl. ¶ 4.  Pain pumps are used to manage post-operative pain and inject medication directly into a patient's shoulder joint.  Compl. ¶ 8.  Purkins' pain pump remained implanted for up to seventy-two hours following her surgery, injecting medication into her shoulder on a continuous basis.  See Compl. ¶ 4.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost.  See Compl. ¶ 9.  Purkins alleges that the anesthetic medication released by her pain pump destroyed the cartilage in her shoulder, causing chondrolysis.  Compl. ¶ 9.  Defendant Advanced Infusion, Inc. ("Advanced Infusion") allegedly promoted, manufactured, and distributed the pain pump used in Purkins' surgery.  Compl. ¶ 6.

Purkins is a resident of Maryland.  Compl. ¶ 3.  Advanced Infusion is an Arizona corporation with its principal place of business in Tempe, Arizona.  Compl. ¶ 6.  Purkins brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against Advanced Infusion.  The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations period.  See, e.g., Evans v. Breg, Inc., Civ. No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were filed to take advantage of statute of limitations).

After reviewing the Complaint, the Court noted this case's lack of connection to

Minnesota and directed the parties to prepare briefs addressing transfer. Advanced Infusion advocates transfer to the United States District Court for the District of Maryland (the "District of Maryland"). Purkins argues that transfer is inappropriate, but if transfer is ordered it should be to the United States District Court for the District of Arizona (the "District of Arizona").

## III. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, as a diversity case between Advanced Infusion and Purkins, both the District of Maryland and the District of Arizona would have personal jurisdiction over the parties and subject matter jurisdiction over this case. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the Terra factors.

### A. Convenience of the Parties

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's

choice.  Burnett v. Wyeth Pharm., Inc., Civil No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties.  None of the parties are located in Minnesota.  None of the relevant events or alleged injuries occurred in Minnesota.  None of the evidence is located in Minnesota.  Indeed, it appears the only connection Minnesota has to this litigation is the fact that Purkins commenced her lawsuit here.  Significant expenses will be expended if the parties are required to travel to Minnesota to litigate this case.

Either the District of Maryland or the District of Arizona would be more convenient for the parties, as each resides in one of those districts.  Between those forums, each party wishes to have this action in the resident forum of the other party.  However, while not Purkins' first choice, the Court will afford deference to her preference for the District of Arizona over the District of Maryland.  As such, this factor weighs in favor of transfer to the District of Arizona.

**B.  Convenience of the Witnesses**

In analyzing the convenience of the witnesses factor, relevant considerations are the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony.  Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case.  Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed.  Furthermore, most of the anticipated fact witnesses reside outside of Minnesota, and thus outside of the Court's subpoena power.  As such, this factor weighs in favor of transfer to another district.

Between the District of Maryland and District of Arizona, the convenience of the

witnesses favors the District of Maryland.  According to Purkins, more anticipated witnesses reside in Arizona than in Maryland.  However, those witnesses are Advanced Infusion employees.  The focus of our analysis is on non-party witnesses.  Nelson v. Soo Line R.R. Co., 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999).  Those witnesses appear to primarily be in Maryland.  This factor favors transfer to the District of Maryland.

### C. Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law.  Terra, 199 F.3d at 696.

Purkins adopts the arguments of the plaintiffs in Powell v. I-Flow, 711 F. Supp. 2d 1012 (D. Minn. 2010) (granting transfer), that (1) judicial economy favors remaining in Minnesota because of the number of pain pump cases here, (2) her choice of forum should be afforded *some* deference, (3) conflict of law issues are best decided by this Court due to the number of similar cases in this District, and (4) all other relevant factors are comparable between the District of Minnesota and any other district.  Purkins' arguments are not persuasive.

Judicial economy does *not* favor keeping this case before the Court.  To the contrary, the Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota.  This flood of discretionary venue cases threatens to overwhelm this District, which currently has the third-highest weighted caseload in the country. Statistics Subcomm. of the Judicial Res. Comm. of the Judicial Conference of the United States.  Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by

litigating similar cases in tandem.  This case has not been approved for MDL treatment.  See Evans, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice).

Further, conflict of law issues are not yet present, and either of the offered forums are equally adept at deciding any such issues that may arise.  Finally, the deference afforded Purkins' choice of forum does not outweigh all other considerations.  As such, the interests of justice dictate that this case should be transferred to another forum.

For its part, Advanced Infusion argues that transfer is warranted, but that transfer should be to the District of Maryland.  Advanced Infusion argues that Maryland has an interest in this matter because Purkins lives there and her surgery occurred there.  However, Arizona also has an interest in litigation affecting its residents and businesses, and has an interest in ensuring that its corporations avoid tortious activity.  Furthermore, justice requires that Purkins' choice of forum is entitled to some deference, and she has stated her second choice is the District of Arizona.

In sum, as all three factors weigh in favor of transfer, this case will be transferred to another forum.  As two of the three transfer factors favor the District of Arizona, this case will be transferred to the District of Arizona.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the District of Arizona.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 30, 2010.